IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
NO. 4:13-CV-25-BO

| | |
|---|---|
| EDDIE LEROY JOYNER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| CAROLYN W. COLVIN, ) | |
| *Acting Commissioner of Social Security*, ) | |
| ) | |
| Defendant. ) | |

This cause comes before the Court on cross-motions for judgment on the pleadings. A hearing was held on these matters before the undersigned on January 30, 2014, at Raleigh, North Carolina. For the reasons discussed below, the decision of the Commissioner is reversed.

BACKGROUND

Plaintiff brought this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) for review of the final decision of the Commissioner denying his claim for disability and disability insurance benefits (DIB) pursuant to Title II of the Social Security Act. Plaintiff filed for DIB on May 22, 2007, alleging disability since May 12, 2006; his alleged onset date was later amended to November 9, 2006. Plaintiff's claims were denied initially and on reconsideration. After conducting a hearing and considering the claim de novo, an ALJ found that plaintiff was not disabled. The decision of the ALJ became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review. Plaintiff then timely sought review of the Commissioner's decision in this Court.

After plaintiff filed his action here, the Commissioner voluntarily agreed to a reversal of the

Commissioner's decision and a remand to further evaluate plaintiff's residual functional capacity, his credibility, and the medical source opinions. *See Joyner v. Astrue*, No. 4:10-CV-41-BO (E.D.N.C. April 4, 2011). Upon remand, plaintiff's claim was combined with a second claim for DIB that had been filed and denied, and the matter proceeded to hearing before another ALJ. A vocational expert (VE), plaintiff, and his attorney were present. Following this third hearing, plaintiff's claim for DIB was again denied. The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review. Plaintiff then timely sought review of the Commissioner's decision in this Court.

## DISCUSSION

Under the Social Security Act, this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. 42 U.S.C. § 405(g); *see Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence consists of more than a mere scintilla of evidence, but may be less than a preponderance of evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The Court must not substitute its judgment for that of the Commissioner if the Commissioner's decision is supported by substantial evidence. *Hays*, 907 F.2d at 1456.

In evaluating whether a claimant is disabled, an ALJ uses a multi-step process. First, a claimant must not be able to work in a substantial gainful activity. 20 C.F.R. § 404.1520. Second, a claimant must have a severe impairment that significantly limits his or her physical or mental ability to do basic work activities. *Id.* Third, to be found disabled, without considering a claimant's age, education, and work experience, a claimant's impairment must be of sufficient duration and must either meet or equal an impairment listed by the regulations. *Id.* Fourth, in the alternative, a

2

claimant may be disabled if his or her impairment prevents the claimant from doing past relevant work and, fifth, if the impairment prevents the claimant from doing other work. *Id.* The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

After finding that plaintiff last met the insured status requirements on December 31, 2011, and that he had not engaged in any substantial gainful activity since his original alleged onset date at step one, the ALJ determined that plaintiff had the following severe impairments: residuals from two laminectomies, hypertension, diabetes mellitus, residuals from a right ankle fracture, a right shoulder sprain, and obesity. The ALJ went on to find that plaintiff did not have an impairment or combination of impairments that met or equaled a listing at step three, and found that plaintiff had a residual functional capacity (RFC) to perform sedentary work with additional limitations. At step four, the ALJ found that plaintiff could not perform his past relevant work, but found at step five that, considering plaintiff's age, education, work experience, and RFC, jobs existed in significant numbers in the national economy that plaintiff could perform. Accordingly, the ALJ found that plaintiff was not disabled.

I. LISTING 1.04

A claimant may be found disabled on medical grounds alone when he has a "condition [that] meets the specific criteria in the Listing of Impairments (the listing) or is the equivalent of a listed impairment." SSR 83-19. In order to show that he meets a listing, a claimant must show that he meets all of the specified medical criteria of that Listing. *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990).

Listing 1.04 deals with disorders of the spine resulting in compromise of a nerve root or the

3

spinal cord. Listing 1.04A requires, in addition to the above:

> evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine).

20 C.F.R. Part 404, Subpt. P, Appendix I § 1.04. "A claimant need not show that each symptom was present at precisely the same time—i.e., simultaneously—in order to establish the chronic nature of his condition. Nor need a claimant show that the symptoms were present in the claimant in particularly close proximity." *Radford v. Colvin*, 734 F.3d 288, 294 (4th Cir. 2013).

Though the record reveals that even after plaintiff's *second* spine surgery, plaintiff continued to suffer from limited range of motion 50% of the normal range in flexion, lateral side bending, and axial rotation with moderate to severe pain in extension, plaintiff was unable to heel-and-toe walk, continued to limp on his right side, use a cane, have bilateral leg pain with numbness and tingling to the foot, and a positive straight leg raise test on the right, Tr. 1215, the ALJ found that plaintiff did not meet the listing as there was no evidence of limitation of motion of the spine and no evidence of motor loss accompanied by sensory or reflex loss. Tr. 828. Nor did the ALJ discuss in her treatment of Listing 1.04 plaintiff's treating physician opinion that following his second surgery plaintiff met the criteria for Listing 1.04A. The ALJ later in her decision dismissed this opinion outright, noting that it was not supported by the record, but careful review finds that plaintiff's ongoing back symptoms demonstrate that he would meet or arguably equal Listing 1.04A.

II. ACTIVITY ON A REGULAR AND CONSISTENT BASIS

The ALJ gave little weight to an RFC opinion by Dr. Derian in light of an opinion on plaintiff's lifting capabilities by plaintiff's treating neurosurgeon, Dr. Miller, whose opinion as to

4

plaintiff's step three burden the ALJ flatly rejected. Dr. Derian found that plaintiff would need to avoid lifting more than five pounds and should be allowed to frequently change positions from sitting to standing to walking as needed. Tr. 645. Dr. Derian further opined that it would be possible that plaintiff "could not sustain gainful employment due to his pain levels." *Id.* Dr. Miller opined that plaintiff should not lift more than fifteen pounds and "may be able to do a type of sedentary job." Tr. 1216.

The ALJ's own RFC finding, however, contradict's Dr. Miller's fifteen pound lifting restriction, as she limited plaintiff to sedentary work, which requires the ability to lift no more than ten pounds at a time. SSR 96-9p. Substantial evidence supports that since his alleged onset date plaintiff has dealt with chronic low back pain with pain radiating down his legs, even following two surgeries. Plaintiff testified that while he tried to work as a school bus driver on a part-time basis, which effort would support his credibility as it evidences a desire to work despite his pain, he had burning sensations in his legs and would need to rest after a forty-five minute route, and that even following his second surgery he could not sit for six hours of an eight hour day due to the burning sensation in his legs. Tr. 863-64; SSR 96-9p. As this testimony is supported by Dr. Derian's opinion and not contradicted by Dr. Miller's opinion that plaintiff could do a sedentary type of job, the ALJ's disregard of it is not supported by substantial evidence in the record.

Because substantial evidence supports that plaintiff could not meet the demands of sedentary work, even with the additional restrictions as imposed by the ALJ, the ALJ's finding to the contrary is not supported.

*Reversal for Award of Benefits*

The decision of whether to reverse and remand for benefits or reverse and remand for a new hearing is one that "lies within the sound discretion of the district court." *Edwards v. Bowen*, 672 F. Supp. 230, 237 (E.D.N.C. 1987); *see also Evans v. Heckler*, 734 F.2d 1012, 1015 (4th Cir. 1984). The Fourth Circuit has held that it is appropriate for a federal court to "reverse without remanding where the record does not contain substantial evidence to support a decision denying coverage under the correct legal standard and when reopening the record for more evidence would serve no purpose." *Breeden v. Weinberger*, 493 F.2d 1002, 1012 (4th Cir. 1974). Remand, rather than reversal, is required when the ALJ fails to explain [her] reasoning and there is ambivalence in the medical record, precluding a court from "meaningful review." *Radford*, 734 F.3d at 296 (citing *Kastner v. Astrue*, 697 F.3d 642, 648 (7th Cir. 2012)).

Here, there is no ambivalence in the record and the ALJ has endeavored to fully explain her reasons. Moreover, this matter has already been remanded once from this Court, on agreement from the Commissioner, and plaintiff has had a total of three ALJ hearings and decisions. As substantial evidence supports that plaintiff likely carried his burden at step three of the sequential evaluation, and has certainly demonstrated that he cannot sustain even sedentary activity on a regular and continuing basis, reversal of the Commissioner's decision is appropriate.

Case 4:13-cv-00025-BO   Document 35   Filed 02/11/14   Page 6 of 7

## CONCLUSION

For these reasons, plaintiff's motion for judgment on the pleadings [DE 27] is GRANTED and defendant's motion for judgment on the pleadings [DE 29] is DENIED. The decision of the ALJ is REVERSED and this matter is REMANDED to the Acting Commissioner for an award of benefits.

SO ORDERED, this __10__ day of February, 2014.

*Terrence W. Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE